IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHATTBOY JOHNSON,

    Plaintiff,

v.                                                      No. 1:22-cv-00678-LF

TAMMY LUERAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FOR AMENDED COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 14, 2022, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 14, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $500.00; (ii) Plaintiff's monthly expenses total $300.00; (iii) Plaintiff has no cash and $5.00 in a bank account; and (iv) Plaintiff is 19 years old, recently graduated from high school, resides in his grandmother's house and will be employed after graduating from the Metropolitan Detention Center Academy.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his low income only slightly exceeds his monthly expenses.  While the financial information presented in Plaintiff's Application to proceed *in forma pauperis* appears to be inconsistent with the allegations in the Complaint indicating that Plaintiff was attempting to purchase a home, the Complaint also states that Plaintiff "qualified for a home loan and Down Payment assistance."  Complaint at 2.

**The Complaint**

Plaintiff alleges he submitted an offer through a real estate agent to purchase a home for sale owned by Defendant, Defendant accepted the offer but rescinded the agreement and accepted an offer from a Caucasian individual after she discovered Plaintiff was Black.  *See* Complaint at 2.

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" which states jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and

42 U.S.C. § 1983.  Where the form Complaint prompts plaintiffs to list other statutes they wish to assert jurisdiction under, Plaintiff wrote "n/a."  Complaint at 2.  Where the form Complaint prompts plaintiffs to allege the rights that have been violated, Plaintiff wrote "Discrimination" but did not identify any specific rights.  Complaint at 3.

The Complaint fails to state a claim pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 which provide jurisdiction and a remedy for actions based on the deprivation, under color of state law, of rights secured by federal law.  There are no allegations that Defendant was acting under color of state law or describing the specific right Plaintiff believes Defendant violated.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what *specific legal right* the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief can be granted over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which includes the address of each Defendant.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

IT IS ORDERED that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 14, 2022, is GRANTED.

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge